IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernesto Alonzo Verdugo Hernandez, ) | No. CV 05-147-TUC-CKJ |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Alberto Gonzalez, United States Attorney ) General, ) | |
| Defendant. ) | |

Pending before the Court is Respondent's Motion to Transfer (Doc. #4). The Court has reviewed the pleadings and finds that oral argument would not be helpful to resolve the motion. Therefore, the Court declines to set this matter for oral argument. For the reasons stated below, the motion is granted.

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking review of the final administrative order of removal entered against him. Subsequently, Respondent requested this action be transferred to the Ninth Circuit Court of Appeals pursuant to section 106 of the REAL ID Act, Pub.L.No. 109-13, 119 Stat. 231, 8 U.S.C. § 1252. Relying on authority predating the May 2005 passage of the REAL ID Act, Petitioner argues that he is entitled review, including an evidentiary hearing, before this Court. Petitioner is incorrect. The provisions of the REAL ID Act and subsequent Ninth Circuit case law make it absolutely clear that this case must be transferred to the Ninth Circuit.

1    In an Order filed on August 11, 2005 addressing a petition seeking review of a final order of removal, the Ninth Circuit stated:

> On May 11, 2005, Congress enacted the REAL ID Act of 2005, which expanded the jurisdiction of the circuit courts over final orders of removal . . . the Act makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal . . . To accomplish this streamlined judicial review, the Act eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. §2241, over final orders of deportation, exclusion, or removal . . . In writing the REAL ID Act, Congress expressly made these judicial review provisions retroactive . . . The REAL ID Act requires district courts to transfer all habeas petitions brought by aliens that were pending before the district court on the effective date of the REAL ID Act (May 11, 2005) to the appropriate circuit court, which must treat the petitions as timely filed petitions for review.

*Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052-53 (9th Cir. 2005); *see also* section 106 of the REAL ID Act.

In this case, Petitioner challenges the final administrative order of removal. Therefore, this Court must transfer the case to the Ninth Circuit Court of Appeals.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Motion to Transfer (Doc #4) is **GRANTED**, and;

2. The **Clerk of the Court shall transfer this matter to the United States Court of Appeals for the Ninth Circuit** pursuant to section 106 of the REAL ID Act.

DATED this 20th day of October, 2005.

_____
Cindy K. Jorgenson
United States District Judge